HARRY W. STANDIDGE, Appellee, *vs.* THE CHICAGO RAIL-
WAYS COMPANY, Appellant.

*Opinion filed June 21, 1912.*

1. ATTORNEYS' LIENS—*attorney's lien may be enforced by peti-
tion in a court of law.* In view of the language of the Attorneys'
Lien law of 1909, (Laws of 1909, p. 97,) a court of equity is not
the only forum in which such lien may be enforced but the same
may be enforced by a petition in a court of law. (*Cairo and Vin-
cennes Railroad Co.* v. *Fackney,* 78 Ill. 116, *National Bank* v. *Pet-
terson,* 200 id. 215, and *Park Comrs.* v. *Western Granite Co.* 200
id. 527, distinguished.)

2. SAME—*permitting attorney's lien to be enforced by petition
in court of law does not violate constitutional right of trial by jury.*
Construing the Attorneys' Lien law of 1909 so as to permit an at-
torney's lien to be enforced by petition in a court of law does not
violate the constitutional provision concerning the right of trial by
jury, since the Attorneys' Lien law creates new rights not recog-
nized at the time the constitution was adopted, and the legislature
may provide for the enforcement of such new rights without a
jury trial. (*Turnes* v. *Brenckle,* 249 Ill. 394, explained.)

3. SAME—*attorney's lien may be enforced by petition in the
client's cause.* An attorney's lien may be enforced by petition in
the client's cause wherein the employment was made without vio-
lating the constitutional provision concerning the uniformity of
practice in courts of the same class or grade, as the Attorneys'
Lien law does not specify any particular court or class of courts,
but provides that the petition may be filed in any court of compe-
tent jurisdiction.

4. SAME—*attorney's lien not limited to money recovered by a
formal judgment.* The word "recovered," used in the Attorneys'
Lien law of 1909, is used in the sense of "received," and hence
said act does not limit the lien to money recovered by the client
by a formal judgment or decree, but contemplates that the attor-
ney shall have a lien from and after the service of notice on the
defendant, which shall protect him in any settlement the defend-
ant may thereafter make with the client, whether suit has been
begun, is pending or has been finally determined by a judgment.

5. CONSTITUTIONAL LAW—*Attorneys' Lien law is not unconsti-
tutional.* The Attorneys' Lien law of 1909 (Laws of 1909, p. 97,)
is not unconstitutional because it applies only to the class of per-
sons consisting of attorneys at law, nor upon the alleged ground
that it deprives persons against whom suits are brought of their

constitutional and property right to buy their peace by making a contract of settlement, as the act does not prevent making a contract of settlement, but merely requires that the attorney's claim must be taken into account when such settlement is made.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JOHN W. WALSH, and FRANK L. KRIETE, (JOHN R. GUILLIAMS, of counsel,) for appellant:

At the time of the enactment of the Attorneys' Lien law of 1909 an attorney had no lien for his fees, and his client had the right to dismiss his suit and settle his case and the defendant had the right to buy his peace. *Henchey* v. *Chicago,* 41 Ill. 136; *Railway Co.* v. *Ackley,* 171 id. 100.

A court of law has no jurisdiction to enforce an attorney's lien. It belongs exclusively to a court of chancery. Hurd's Stat. 1909, chap. 82, sec. 55; 1 Pomeroy's Eq. Jur. sec. 167; 25 Cyc. 681, 682; *Railway Co.* v. *Fackney,* 78 Ill. 116; *Bank* v. *Petterson,* 200 id. 215; *Park Comrs.* v. *Granite Co.* 200 id. 527; *Gilchrist* v. *Railway Co.* 58 Fed. Rep. 708; *Turnes* v. *Brenckle,* 249 Ill. 394.

There is no authority of law for an attorney filing a petition to enforce his lien for fees in his client's cause, and if the Attorneys' Lien law of 1909 be construed to authorize the filing of such a petition it is unconstitutional. Hurd's Stat. chap. 82, sec. 55; Const. of Ill. art. 6, sec. 29; *Clowry* v. *Holmes,* 238 Ill. 577; *David* v. *Accident Co.* 243 id. 43; *People* v. *Banking Ass'n,* 245 id. 522; *People* v. *Rumsey,* 64 id. 44.

Even if the Attorneys' Lien law of 1909 is constitutional, there can be no lien in this case because there was no money or property recovered, in the sense in which the word "recovered" is used in the Attorneys' Lien law. *Lapham* v. *Almy,* 95 Mass. 391; 7 Words and Phrases; *Atchison* v. *Owensboro,* 71 S. W. Rep. 864; *Railroad Co.* v. *Ackley,* 171 Ill 100.

The Attorneys' Lien law of 1909 is unconstitutional and void.  Const. of Ill. art. 2, sec. 2; art. 6, sec. 22; *Fish v. Farwell,* 160 Ill. 236; *Board of Education v. Blodgett,* 155 id. 441; *Frorer v. People,* 141 id. 171; *Ramsey v. People,* 142 id. 380; *Coal Co. v. People,* 147 id. 66; *Kipp v. Elwell,* 33 L. R. A. 435; *Campbell v. Holt,* 115 U. S. 620; *Gillespie v. People,* 188 Ill. 176; *Bailey v. People,* 190 id. 28; *Harding v. People,* 160 id. 459; *Eden v. People,* 161 id. 296; *State v. Julow,* 129 Mo. 163; *Lipman v. People,* 75 Ill. 101; *Ruhstrat v. People,* 185 id. 133.

DAVID K. TONE, HENRY M. ASHTON, and RICHARD J. COONEY, for appellee:

Attorneys' liens are of an equitable character, and the provision of the right to a trial by jury has no application to causes of action of an equitable character, even where such rights are enforced in an action at law.  *Ackerman v. Ackerman,* 14 Abb. Pr. 229; *Matter of King,* 168 N. Y. 53.

The Attorneys' Lien law clearly intends that either the attorney or the client may adjudicate the question of the attorney's lien in the suit where the services are performed. The following cases sustain the practice of enforcing the lien in the client's cause wherein the services are rendered: *Johnson v. Breckenridge,* 4 Ky. 994; *Fischer-Hansen v. Railroad Co.* 173 N. Y. 492; *Ackerman v. Ackerman,* 14 Abb. Pr. 229; *Peri v. Railroad Co.* 152 N. Y. 521; *Railroad Co. v. Circuit Judge,* 161 Mich. 181; *Railway Co. v. Ginther,* 96 Tex. 295; *Wait v. Railroad Co.* 204 Mo. 491; *Miedrick v. Rand,* 40 Ind. App. 393; *Farmer v. Water Co.* 108 Minn. 41; *Potter v. Mining Co.* 22 Utah, 273; *Reynolds v. Reynolds,* 10 Neb. 574; *Howard v. Osceola,* 22 Wis. 453.

The word "recovered," as used in the Attorneys' Lien law, should be construed to mean any money or property received by the client on account of his cause of action,

whether by litigation or compromise. *Douglas* v. *Reynolds,* 7 Pet. 113; Sutherland on Stat. Const. (2d ed.) sec. 394.

The attorney's lien attaches from the time of the service of notice of such lien. *O'Connor* v. *Transit Co.* 198 Mo. 622.

Wherever attorneys' lien laws have been assailed as being special legislation, as depriving parties of the right to settle and compromise or depriving them of their property without due process of law, the laws have been sustained as constitutional. *O'Connor* v. *Transit Co.* 198 Mo. 622; *Fischer-Hansen* v. *Railroad Co.* 173 N. Y. 492; *Wait* v. *Railroad Co.* 204 Mo. 491.

Mr. JUSTICE VICKERS delivered the opinion of the court:

John F. Cleary commenced an action at law in the superior court of Cook county against the receivers of the Chicago Railways Company to recover compensation for a personal injury alleged to have been sustained by him through the negligence of the receivers of said Chicago Railways Company. The defendants appeared and pleaded to the declaration. The appellee, Harry W. Standidge, was the attorney for Cleary in that cause. Pending the litigation the receivers of the Chicago Railways Company were discharged, and the Chicago Railways Company appeared in said cause and became obligated to pay anything that the plaintiff in said cause was entitled to recover. After Standidge was employed, and before any adjustment was made of Cleary's claim, he served upon the receivers a written notice claiming a lien for one-third of any amount of money that might be collected or paid on settlement of Cleary's claim, in accordance with the proviso of section 1 of the Attorneys' Lien law, enacted in 1909. (Laws of 1909, p. 97.) After the service of said notice, and after appellee had been representing Cleary for about one year in the prosecution of said claim, a settlement was made on

behalf of the Chicago Railways Company with Cleary, and he was paid $900 and signed a stipulation in pursuance of which his case against the appellant was dismissed without costs. The order of dismissal was entered on August 21, 1911. Two days later, on August 23, appellee, Standidge, filed a petition entitled *"In the Cause of Cleary* v. *Chicago Railways Company,"* alleging his contract with Cleary, notice served of his claim of lien, alleging that said claim had been settled with his client without his knowledge or consent, and claiming a lien for his fees under his contract, in accordance with the Attorneys' Lien law of 1909. On August 30 appellant appeared and filed its answer to appellee's petition, which said answer was joined in by the receivers of the Chicago Railways Company. The answer admitted that appellee had begun and filed suit as the attorney for Cleary but denied that he had any contract to commence and prosecute said cause. The answer admitted the service of notice and the settlement with Cleary and payment to him of $900, but denied that appellee is entitled to any lien, as against appellant, for any sum of money, because, as alleged in said answer, the Attorneys' Lien law is unconstitutional and void, as being repugnant to section 2 of article 2 and section 22 of article 4 of the constitution of Illinois. The record shows that after the petition was amended the cause came on to be heard upon evidence before the court, which resulted in a finding in favor of appellee and against appellant and the rendition of a judgment for $300, which appellant was ordered to pay, and in default of such payment an execution was ordered to issue. It is to obtain a review of this judgment that the present appeal is prosecuted.

Appellant relies upon the following points as grounds for a reversal of the judgment below: First, that a court of law has no jurisdiction to enforce an attorney's lien, such lien being enforcible only in a court of equity; second, such lien, under the act of 1909, cannot be enforced

by petition in the client's cause; third, no money or property was "recovered" in this cause, in the sense in which that word is used in the Attorneys' Lien law; fourth, the Attorneys' Lien law of 1909 is unconstitutional and void; fifth, the finding that appellee was employed as the attorney of Cleary is not established by a preponderance of the evidence.

It will be observed that the first four assignments of error above enumerated raise questions of law. The fifth assignment raises a question of fact, which may be disposed of without discussion, since a consideration of the evidence sustains appellee's averment that he was employed under a contract by which he was to receive one-third of whatever amount was collected on said claim. The four legal questions will be considered in the order in which they are above stated.

*First*—Appellant's first contention is, that even if the Attorneys' Lien law be valid the lien thereby created can only be enforced in a court of equity. Appellant's contention in support of this assignment of error is, that the enforcement of liens ordinarily belongs to the jurisdiction of courts of equity, and cases are cited holding that where a statute creates a lien and makes no provision as to how it may be enforced, courts of equity will take jurisdiction to enforce such liens. The case of *Cairo and Vincennes Railroad Co.* v. *Fackney,* 78 Ill. 116, is relied on by the appellant in support of its position on this point. That was an action of assumpsit brought by the plaintiff against the railroad company upon a claim that the plaintiff had for money which he had advanced to various employees of the company, and others who had furnished supplies and material in the construction of the railroad. Under the statute then in force (Rev. Stat. 1874, par. 51, p. 671;) all persons who furnished labor or material in the construction or maintenance of a railroad were given a lien upon the property of the railroad corporation superior to all

other liens.   The court, in rendering judgment in the action at law, found and adjudged that the plaintiff was entitled to a lien for the amount found due him, upon all of the property of the railroad company.   Upon the appeal of the railroad company this court held that while the open accounts of laborers and others against the railroad company might be assigned in equity they were not assignable at law, and in no event could they be so assigned as to transfer the statutory lien to the assignee.   Having thus disposed of the case by holding that Fackney had no lien whatever, it was further said that if such lien existed it could only be enforced in a court of equity.

Appellant also cites *National Bank of LaCrosse* v. *Petterson,* 200 Ill. 215, and *West Chicago Park Comrs.* v. *Western Granite Co.* 200 id. 527.   Both of those cases arose under section 24 of the Mechanic's Lien law.   That section of the statute creates a lien upon "money, bonds or warrants due or to become due" a contractor for a public improvement, in favor of any person who may have furnished any material, apparatus, fixtures, machinery or labor to such contractor for such improvement, and provides for notice of the claim to be given to the officials of the municipality whose duty it is to pay the contractor.   The statute also provides that it shall be the duty of the officials, when so notified, to withhold a sufficient amount of money to pay such claim, and also provides that any officer violating the duty imposed upon him shall be liable in an action on his official bond, in favor of the person having such claim, for any damages resulting from a failure to withhold a sufficient amount of funds to pay such claim.   The contention there was, that the statute making the officer liable on his official bond for the amount of damages sustained by a person furnishing material or labor to the contractor was an exclusion of the right to file a bill in equity to enforce the lien.   This contention was not sustained, and it was held that a court of equity had jurisdiction to enforce the

lien against the municipality notwithstanding the remedy against the officers, personally, upon their official bonds. It was held in the *Petterson case* that the remedy by suit upon the bond by the officer was not an enforcement of the lien, and did not in any way affect the right of the claimant to maintain his bill in equity against the municipality or the person into whose hands the funds subject to such lien had been placed.

None of the above cases are in point here. They all recognize the power of the legislature to provide other methods of enforcing a lien than by a resort to a court of equity. The Attorneys' Lien law contains the following provision: "On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation." Without this language in the act, undoubtedly a court of equity would be the only court that would have jurisdiction to enforce such liens. The legislature must be presumed to have used the language above quoted for some purpose. If appellant's position is sustained and a court of equity is the only court that has jurisdiction to enforce the lien, then the clause above quoted has no effect. The clause above quoted was manifestly used by the legislature to confer jurisdiction to enforce such lien upon courts that could not exercise it without such provision. The provision for enforcing the lien by petition and on five days' notice strengthens the conclusion that the legislature intended this jurisdiction should be exercised by law courts as well as courts of equity. The bill in chancery and the declaration at law are usually the pleadings by which those respective jurisdictions are invoked, while a "petition" is common to both courts.

Appellant further contends that to so construe the statute as to authorize a court of law to enforce the lien by petition would deprive the defendant of the right of trial

by jury, and the case of *Turnes* v. *Brenckle,* 249 Ill. 394, is relied on in support of this branch of its argument. In the case cited this court held that a provision of the Mechanic's Lien law authorizing a court of chancery to enter judgment for the amount of the complainant's claim in case it was found that no lien existed was unconstitutional, for the reason that it deprived the defendant of the right to a trial by jury. In that case the statute purported to confer jurisdiction upon a court of chancery in a matter that was purely legal and authorized the court to adjudge the same without the intervention of a jury, or, at all events, with the aid of a jury whose verdict would be merely advisory. The distinction between a verdict of a jury in a law court and one in chancery was there pointed out, and it was held that a defendant was entitled to a jury to determine the issues that might arise in regard to a claim after it had been ascertained that no lien existed, and to a verdict of a jury that was binding upon the court and not merely advisory, as a verdict in chancery is held to be.. There is nothing in that case that has any application to the facts in the case at bar. There the complaint was that the statute transferred a purely legal matter, in which the defendant had a right to a jury trial, to the chancery court, where the right to a trial by jury did not exist except in the discretion of the court. Here the complaint is that a purely equitable matter, in which the defendant would have no right to a jury trial, is transferred to a law court, where the right to a trial by jury exists. The constitutional provision that "the right of trial by jury as heretofore enjoyed shall remain inviolate," means that the right to a jury trial shall continue in all cases where such right existed at common law at the time the constitution was adopted, but that constitutional provision has never been held to prohibit the legislature from creating new rights unknown to the common law and provide for their determination without a jury. (*Turnes* v. *Brenckle, supra.*) Appellant concedes

that the Attorneys' Lien law creates new rights which have heretofore not been recognized in this State. This being conceded, it is clearly within the power of the legislature to provide for the enforcement of such rights without a jury trial. This same objection was made to a similar statute of the State of New York and was there determined in accordance with the views above expressed. (*Ackerman* v. *Ackerman,* 14 Abb. Pr. 229; *In the Matter of King,* 168 N. Y. 53.) Appellant's first assignment of error cannot be sustained.

*Second*—Appellant next contends that an attorney's lien cannot be enforced by petition in the cause of the client wherein the employment is made. Appellant's contention is, that if said act be so construed as to permit the filing of an intervening petition in the client's cause it renders the act unconstitutional, in that it destroys the uniformity required in the practice of our courts of the same class or grade. We fail to see any force in this contention. The statute is not limited to any particular court or class of courts, but the petition may be filed, under the statute, in "any court of competent jurisdiction." This would include any court of record, either of law or chancery, and is not, therefore, limited to any particular court or class of cases, hence it cannot be said to violate the uniform procedure required by our constitution.

*Third*—Appellant contends that the judgment in this case should be reversed because there was no money "recovered" in the cause, in the sense in which that word is used in the Attorneys' Lien law. Appellant insists that the word "recover," where the same is found in the statute under consideration, must be limited in meaning to money recovered as the result of a formal judgment or decree of a court. The word "recover" is often used in the sense of "received" or "come into possession of." It is so used in section 2 of our statute on Injuries, where it is provided that "the amount recovered in every such action shall be

for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed," etc. No one would doubt that money received by way of compromise or settlement would be subject to distribution in the same manner and to the same persons as it would if it were collected as the result of a judgment, and the word is also used in the same sense in section 9 of the Dram-shop act. The language of the act under consideration clearly indicates that the word "recover" is here used in the sense of receive. The language is, "such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice." If the lien only attached when there had been a judgment or a decree entered, the latter portion of the said sentence, "and to any money or property which may be recovered," etc., would be wholly unnecessary. Aside from this, if the statute were so construed as to only apply when a judgment was rendered it would fall far short of accomplishing the purpose which the legislature manifestly had in view in the enactment of this statute. Clearly it was the intention of the legislature to give attorneys a lien from and after the service of notice on the defendant, which would protect them against any settlements that might thereafter be made, regardless of whether the suit had been commenced, was pending or had been finally determined by the rendition of a judgment. The money paid by appellant to appellee's client in settlement of this claim was money "recovered," within the meaning of the statute.

*Fourth*—Appellant's final contention is that the statute under consideration is unconstitutional. Two constitutional objections are urged against the act. It is first said the act is special legislation, in that it only applies to attorneys at law. But little need be said in answer to this contention. Those who follow the legal profession con-

stitute a class, and laws may be passed applicable only to members of a class where the classification rests upon some disability, attribute or classification marking them as proper objects for the operation of such special legislation, in any case wherein such local or special legislation is not expressly forbidden by the constitution. (*Gillespie* v. *People,* 188 Ill. 176; *Starne* v. *People,* 222 id. 189; *Off & Co.* v. *Morehead,* 235 id. 40; *People* v. *Wilcox,* 237 id. 421.) Laws applicable only to persons following a particular profession or occupation requiring skill and special training have never been supposed to be open to the constitutional objection now urged against this act. Laws applicable only to physicians, architects, pharmacists, bankers, inn or tavern keepers, and other classes, have been enacted and are now in force in this State, and we are not aware that their constitutionality has been seriously questioned, especially since the decision of this court in *Meadowcroft* v. *People,* 163 Ill. 56, where it was held that a criminal statute applicable only to bankers was not unconstitutional because applicable only to a particular class of persons.

Appellant also assails the statute under consideration on the ground that it deprives persons against whom suits are brought or claims held by attorneys for collection, of their constitutional and property right to buy their peace by making contracts of settlement. This argument proceeds upon a false assumption. The statute does not affect the right of the defendants in suits, or persons against whom claims or demands are held for collection, from settling the same, but it requires, after notice, that in making such settlement they shall take into account the attorney's claim for his fees. A settlement may be made with a claimant, under this statute, to the same extent and with like effect as it could have been made before the statute was enacted, the only difference being that under the statute a party, in settling with an attorney's client, must take into account his liability to the attorney for whatever amount of fees

would accrue under his contract at the time of the settlement. This same contention was made in the case of *Fischer-Hansen* v. *Brooklyn Heights Railroad Co.* 173 N. Y. 492, and in the case of *O'Connor* v. *St. Louis Transit Co.* 198 Mo. 641, and in both cases it was held that the act was not open to the objection urged against it. The Supreme Court of Missouri, in disposing of this objection in the case above cited, uses the following language: "It is insisted by appellant that this act restricts or destroys the defendant's right to contract. We are unable to give our assent to this insistence. The provisions of this act simply create a lien upon the cause of action in favor of the attorney at law, and require the defendant, after due notice which creates such lien, in dealing with the party as to such cause of action, that such lien shall be respected. If we are dealing with the owner of a horse and have a notice that there is a valid subsisting lien upon the horse, we would not contend for a moment that such lien could be ignored. So it is with respect to other property. In dealing with the owner of it, if we have notice of the existence of a lien such lien cannot be ignored. Is there any difference if the defendant has notice of the existence of a lien of an attorney upon a cause of action and the instances above cited? We think not. This law does not deprive a defendant of any of his rights. When the lien is created, in dealing with the plaintiff in respect to such cause of action he must act accordingly. It does not deprive him of the right to make a settlement, but in making such settlement it simply requires that he shall take into consideration the fact that the attorney at law has a lien upon the cause of action, and if such lien is ignored he will be required to account to him in an action at law for the amount of such lien. This act is vigorously assailed by learned counsel for appellant on the ground that it tends to lead to the commission of unprofessional acts on the part of attorneys. This may be true in some instances, but the profession of law,

when practiced upon a high plane, is an honorable one, and by no means should an act of the General Assembly, presumably enacted for the benefit of the honorable practicing lawyers of the State, be declared invalid for the reason that instances may arise, by reason of the law, which enable some of the less reputable attorneys to do acts which are not commendable along professional lines. In our opinion this law is constitutional and valid."

It follows from what has been said that the statute under consideration is not open to any of the objections urged against it and that none of the errors assigned by appellant can be sustained.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*