(No. 26705.—▮▮▮▮▮▮▮▮▮▮▮)
James Douglas Smith *vs.* Louisville and Nashville Railroad Company, Appellant.—(McGlynn & McGlynn *et al.*, Appellees.)

*Opinion filed November 17, 1942.*

Farmer, Klingel & Baltz, for appellant.

Mr. Justice Fulton delivered the opinion of the court:

The original plaintiff in this action, while an employee of the defendant, Louisville and Nashville Railroad Company, was injured through an explosion of an engine, the accident occurring in the State of Kentucky. He resided at Mud Lake, Kentucky, about thirty miles from the city of Covington, Kentucky. About eight months after the accident, in the city of Cincinnati, State of Ohio, he entered into a contract with appellees whereby he employed them as his attorneys to prepare and prosecute a suit for damages against the said railroad company growing out of his personal injuries, and agreed to pay them for their services "40% of whatever was collected by suit or otherwise." There is no statutory provision in the State of Ohio for a lien for attorneys' fees. Thereafter, the appellee attorneys, McGlynn & McGlynn and Charles P. Noell, filed suit on behalf of such plaintiff against ap-

pellant in the city court of East St. Louis to recover damages under the Federal Employers' Liability Act, and performed various services in the case by way of preparation generally for trial. Shortly after filing of the suit, the appellee attorneys filed a notice with the appellant of their attorneys' lien. That case was set for trial on June 4, 1941.

On the evening of May 18, 1941, however, a claim agent of the appellant company went to the original plaintiff at his home in Kentucky and effected a settlement on behalf of the appellant railroad company without the knowledge and consent of the appellee attorneys. The settlement was for the sum of $15,000. As a part of the terms of such settlement the original plaintiff executed a release of his cause of action, wherein it was agreed that the appellant would hold such original plaintiff "harmless and indemnify him from any fee for which he might be liable" to one of the appellee attorneys. It was expressly understood that the $15,000 was to be retained by the original plaintiff.

The appellee attorneys then filed a petition in the original suit against the railroad company to enforce an attorney's lien and the payment of such attorneys' fees as might be found due under the contract. The case was tried by the court without a jury in the city court of the city of East St. Louis, Illinois, where the court found in favor of the appellee attorneys and entered judgment in the sum of $10,000 in their favor and against the appellant, Louisville and Nashville Railroad Company. An appeal was taken by the appellant from this judgment to the Appellate Court, Fourth District. The Appellate Court found in favor of the appellee attorneys except as to the amount of the attorneys' fees. The judgment of the city court of East St. Louis was therefore modified by the Appellate Court to provide that judgment be rendered in favor of the appellee attorneys in the sum of $6000 rather than the $10,000 awarded in the city court. The order of the Appellate Court was that

the judgment for $10,000 in the city court be vacated and judgment entered in the Appellate Court in favor of the appellee attorneys and against the appellant in the sum of $6000 and costs.

The appellant challenges the power of the city court of East St. Louis to try and pass upon the issues raised in the original suit on the grounds that such court had no jurisdiction, contending that since the cause of action arose in the State of Kentucky the city court of East St. Louis, being a court of limited territorial jurisdiction, lacked jurisdiction of this suit. That question, arising out of very similar facts, has been before this court in two very recent cases, *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, and *Mitchell* v. *Louisville and Nashville Railroad Co.* id. 522. In each of those cases this court decided that the city court of East St. Louis was without jurisdiction in causes of action arising outside the territorial limits of the city of East St. Louis.

This court has held that an attorney's lien may be enforced by petition in the client's cause wherein the employment was made, provided it is filed in some court of competent jurisdiction. (*Standidge* v. *Chicago Rys. Co.* 254 Ill. 524.) Since the city court of East St. Louis was not a court of competent jurisdiction for a cause arising outside the territorial limits of said city, the entire proceeding is a nullity and wholly void. No judgment based on the original suit, or upon the petition to enforce an attorney's lien filed in the same cause of action can be of any force or effect whatever.

Therefore the judgments of the Appellate Court and the city court of East St. Louis are reversed.

*Judgments reversed.*