RONALD GALOWICH, Ex'r of the Estate of Jerald Galowich, Deceased, *et al.*, Plaintiffs-Appellees, *v.* BEECH AIRCRAFT CORPORATION *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 80-663

Opinion filed February 10, 1981.—Rehearing denied March 11, 1981.

Conklin & Adler, Ltd., of Chicago (Thomas W. Conklin, John W. Adler, and Franklin A. Nachman, of counsel), for appellants.

Susan E. Loggans, of Chicago (William J. Harte, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendants appeal from an order of the circuit court of Cook County granting plaintiffs' motion for voluntary dismissal and taxing as costs to plaintiffs the appearance fees and jury demand fees incurred by defendants. The sole issue presented for review is whether the trial court erred in denying defendants' request for the imposition of additional expenses incurred by them. A summary of the necessary facts follows.

These consolidated cases arise from the crash of an aircraft manufactured by Beech Aircraft Corporation.[1] After extensive discovery the cases were assigned for trial on January 29, 1980. On February 11, 1980, plaintiffs moved for a six-month continuance in order to complete their

---

[1] Case No. 75L3001 was filed on February 19, 1975, and case No. 76L3970 was filed on March 3, 1976.

investigation of a recent unrelated airplane crash in Canada. Plaintiffs' motion was denied. Plaintiffs thereafter moved for a voluntary dismissal pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52), indicating an intention to refile pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a). In response to plaintiffs' motion for voluntary dismissal, defendants urged that the court dismiss plaintiffs' cases with prejudice and without leave to refile. Defendants urged in the alternative that the court "condition" any dismissal or refiling upon plaintiffs' payment to them of "their filing fees, jury demand fees, witness fees, costs of depositions, costs of transcripts, expert costs and related expenses and such other and further costs that the court considers just under these circumstances and in the exercise of its discretion." Defendants indicated that these costs "must include some substantial portion of the more than $1 million plaintiffs have forced the defendants to expend." Defendants estimated their expenses relating to the depositions as approximately $200,000.

■▊ Judge Wolfson granted plaintiffs' motion for voluntary dismissal and taxed as costs to plaintiffs the appearance fees and jury demand fees incurred by defendants in the amount of $219. In denying defendants' request for the imposition of the additional expenses he further remarked:

"I don't see the legal authority to do anything more than enter the order for costs contained in the clerk's bill. * * * if I thought I had the authority I would do something more."

Section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52) provides:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by his consent."

The language of section 52 is clear and unequivocal. Upon proper notice and payment of costs, a plaintiff has what numerous cases have referred to as an "absolute right" to dismiss his action before a trial or hearing has begun. *E.g., City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 749, 331 N.E.2d 190; *Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1974), 17 Ill. App. 3d 460, 461, 308 N.E.2d 164.

■■ At common law costs were not recoverable. Therefore costs can now be imposed and recovered only where authorized by statute. (*Adams v.*

*Silfen* (1951), 342 Ill. App. 415, 419, 96 N.E.2d 628.) Statutes which authorize the taxation of costs are penal in their nature, and unless authority to tax them is clearly granted by statute, their allowance cannot be sustained. (*Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 108, 197 N.E. 578; *Adams v. Silfen* (1951), 342 Ill. App. 415, 419-20.) Section 52 does not define costs. However, in *House of Vision v. Hiyane* (1969), 42 Ill. 2d 45, 51-52, 245 N.E.2d 468, our supreme court opined:

"Our oft-stated view is that, in the absence of statute (with exceptions not here germane) attorneys' fees and the ordinary expenses and burdens of litigation are not allowable to the successful party."

Defendants urge this court to modify our supreme court's decision in *House of Vision v. Hiyane* by expanding the definition of costs to include certain expenses incurred in pretrial discovery. In support of this argument defendants contend that Supreme Court Rule 208 (Ill. Rev. Stat. 1979, ch. 110A, par. 208) confers upon the trial court "the discretion to award fees and charges incurred in taking of depositions as 'costs'." Supreme Court Rule 208 provides:

"(a) Who Shall Pay. The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending. The party at whose request a deposition is transcribed and filed shall pay the charges for transcription and filing. The party at whose request a tape recorded deposition is filed without having been transcribed shall pay the charges for filing, and if such deposition is subsequently transcribed the party requesting it shall pay the charges for such transcription. If, however, the scope of the examination by any other party exceeds the scope of examination by the party at whose instance the deposition is taken, the fees and charges due to the excess shall be summarily taxed by the court and paid by the other party.

(b) Amount. The officer taking and certifying a deposition is entitled to any fees provided by statute, together with the reasonable and necessary charges for a recorder or stenographer for attending and transcribing the deposition. Every witness attending before the officer is entitled to the fees and mileage allowance provided by statute for witnesses attending courts in this state.

(c) Copies. Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.

(d) Taxing as Costs. The aforesaid fees and charges may in the discretion of the trial court be taxed as costs."

Although research has revealed no decisions interpreting Rule 208(d), the Historical and Practice Notes to Rule 208 by Albert E. Jenner, Jr., and Philip W. Tone (Ill. Ann. Stat., ch. 110A, par. 208 (Smith-Hurd 1968)) recognizes that "[t]he rule authorizes the court, in its discretion, to tax deposition fees and charges as costs, although such fees and charges are not usually taxed as costs in Illinois."

Plaintiffs argue that "the discretion granted the trial court by rule 208(d) must be taken as a discretion to be used in an appropriate situation" and that "[i]mposing payment of a very large sum of money as a condition to voluntary dismissal is not appropriate since it would seriously interfere with plaintiffs' right to dismiss under section 52." Plaintiffs' right to dismiss, although referred to as "absolute," is not unconditional. "The qualifications to plaintiff's right of voluntary dismissal are set forth unambiguously in the statute: the motion must be made before trial or hearing begins, and before a counterclaim is filed, and plaintiff must pay costs." (*In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 415 N.E.2d 1196.) The reference in section 52(1) to dismissal "without prejudice" does not refer to prejudice to the rights of the defendant. The phrase "without prejudice" is an ancient one and signifies only that the dismissal has been taken with no decision on the merits of the case and therefore without prejudice to refiling. (*In re Marriage of Wright*, at 710.) However, this language cannot be construed to immunize plaintiffs from bearing costs other than the nominal appearance fees and jury demand fees. Rule 208(d) specifically permits the taxation of certain fees and charges as "costs," and section 52 does not limit "costs" to appearances and jury demand fees. Rule 208 has expanded the traditional concept of costs to include the charges and fees enumerated therein. Any ruling by this court limiting section 52(1) "costs" solely to appearance fees and jury demand fees could in many instances render meaningless the provisions of Rule 208(d).

■■ It is our opinion that when a plaintiff files a motion for voluntary dismissal pursuant to section 52, it is within the trial court's proper exercise of discretion to tax as costs those fees and charges specified in Supreme Court Rule 208. Since, in the case at bar, the judgment of the trial court appears to have been predicated upon his stated opinion that he had no "legal authority" to tax as costs anything other than the defendants' appearance fees and jury demand fees, we, therefore, reverse and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS and DOWNING, JJ., concur.