LINDA GEBELEIN *et al.*, Plaintiffs-Appellees, v. IRVIN H. BLUMFIELD, Defendant-Appellant.

Fifth District   No. 5—90—0675

Opinion filed August 4, 1992.

GOLDENHERSH, P.J., concurring in part and dissenting in part.

Hinshaw & Culbertson, of Chicago (D. Kendall Griffith, Robert W. Schmieder, and Terrence K. McGrath, of counsel), for appellant.

Rosemary D. McGuire, of Brennan, Cates & Constance, of Belleville, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Dr. Irvin H. Blumfield, appeals from a judgment entered by the circuit court of Madison County ordering him to pay plaintiffs, Linda Gebelein and John Gebelein, $523.60 for litigation costs they incurred prior to reaching a settlement with defendant. The sole issue before us is whether the trial court properly taxed as costs to defendant the expenses of a deposition taken by plaintiffs and plaintiffs' filing and service fees where the parties reached a settlement agreement prior to judgment. We reverse.

On August 14, 1985, plaintiffs filed a complaint alleging defendant negligently performed a hysterectomy procedure and caused injury to plaintiffs. During the discovery process defendant deposed Dr. Nicholas Criares, plaintiffs' expert witness on the standard of care, in Newark, New Jersey. Plaintiffs subsequently took Dr. Criares' evidence deposition for use at trial.

The trial court gave the case a trial date of August 6, 1990. On that day a jury was impaneled and the parties negotiated a settlement which resolved all issues except taxable costs. Although the terms of the settlement agreement are not set forth in the record, the parties agreed that the plaintiffs would file a motion for costs.

Plaintiffs' motion sought $116.20 for filing and service fees and $407.40 for fees arising from Dr. Criares' evidence deposition. Defendant did not object to plaintiffs' motion, and the court granted the motion on August 20, 1990. Defendant then filed a motion to reconsider and contended the court was without authority to tax such costs. The trial court denied defendant's motion to reconsider, and it is from the orders granting plaintiffs' motion for costs and denying defendant's motion to reconsider that defendant appeals.

■ At common law, a successful litigant was not entitled to recover from his opponent the costs and expenses of litigation. The allowance and recovery of costs is entirely dependent on statutory authorization. (*Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157,

162, 441 N.E.2d 318, 320; *Ritter v. Ritter* (1943), 381 Ill. 549, 552, 46 N.E.2d 41, 43.) While the power to impose costs must ultimately be found in some statute, the General Assembly may grant the power in general terms to the courts, which may in turn make rules or orders under which costs may be taxed and imposed. (*Galowich*, 92 Ill. 2d at 162, 441 N.E.2d at 320; *Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 108, 197 N.E. 578, 585.) Therefore, we must look to the statutes to determine whether the trial court was authorized, expressly or impliedly, to tax defendant with costs.

■ Defendant argues that the trial court erroneously awarded plaintiffs $116.20 for the cost of filing their suit and serving defendant with summons because there is no statutory authority for the court to do so when the parties reach a settlement agreement before trial. Plaintiffs contend that section 5—108 of the Code of Civil Procedure (the Code) authorizes the court to award such costs:

> "§5—108. Plaintiff to recover costs. If any person sues in any court of this state in any action for damages personal to the plaintiff, and *recovers in such action, then judgment shall be entered in favor of the plaintiff to recover costs* against the defendant, to be taxed, and the same shall be recovered and enforced as other judgments for the payment of money, except in the cases hereinafter provided." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 5—108.)

Plaintiffs assert that pursuant to section 5—108, the trial court is given authority by the General Assembly to tax costs in situations where a plaintiff recovers. Plaintiffs further suggest that a settlement between the parties constitutes a recovery for plaintiffs, and therefore it follows that the trial court has express authority by virtue of a legislative act to award costs in a settlement situation. Defendant disputes plaintiffs' interpretation of the word "recover," stating that section 5—108 allows for a plaintiff to receive costs only when a judgment is entered in his or her favor. Neither party advances any support for its construction of the word "recover" as it applies to section 5—108 of the Code. We must determine whether "recovers," as used in section 5—108, refers only to judgments, or whether it includes settlement agreements whereby a plaintiff receives payment from a defendant in settlement prior to judgment.

■ The primary rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.) When construing a statute, the court should look first to the language of the statute (*Robinson*, 89 Ill. 2d at 475, 433 N.E.2d at 674), giving the terms of

the statute their plain and ordinary meaning (*People v. Steppan* (1985), 105 Ill. 2d 310, 317, 473 N.E.2d 1300, 1303-04.) When a statutory term is undefined, that term must be given its ordinary and popularly understood meaning. *Union Electric Co. v. Department of Revenue* (1990), 136 Ill. 2d 385, 397, 556 N.E.2d 236, 241.

Webster's Third New International Dictionary 1898 (1986) defines "recover" as follows: "[T]o gain by legal process." "Recovery" has also been defined as:

> "[*T*]*he restoration* or vindication of a right existing in a person, *by the formal judgment or decree of a competent court*, at his instance and suit, or the obtaining, by such judgment, of some right or property which has been taken or withheld from him. ***

> The obtaining of a thing *by the judgment* of a court, as the result of an action brought for that purpose. The amount finally collected, *or the amount of judgment.*" (Emphasis added.) (Black's Law Dictionary 1147 (5th ed. 1979).)

The word "recover" is given the following meaning in Black's Law Dictionary:

> "To get or obtain again, to collect, to get renewed possession of; to win back. *** In a narrower sense, to be successful in a suit, to collect or obtain amount, *to have judgment*, to obtain a favorable or final judgment, *to obtain in any legal manner in contrast to voluntary payment.*" (Emphasis added.) Black's Law Dictionary 1147 (5th ed. 1979).

■ We conclude that the plaintiffs did not meet the statutory requirements to recover the costs of filing and service fees under section 5—108. In this case the parties settled all issues except that of taxable costs. The policy in this State is to encourage settlements, and that includes settlement of substantive issues of the case as well as disputes over costs. While the plaintiff has no right to recover costs when the underlying case is settled, the parties can obviously negotiate for the payment if they choose to do so. If no amicable resolution of the cost issue is possible, the plaintiff is not entitled to costs unless a judgment is returned in his or her favor.

■ We now address whether the trial court had the authority to tax defendant for costs of an evidence deposition taken of plaintiffs' expert witness. Plaintiffs filed their motion for costs under Supreme Court Rule 208(d) (134 Ill. 2d R. 208(d)) which must be construed in conjunction with Rule 208(a):

> "(a) Who Shall Pay. The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer

and the charges of the recorder or stenographer for attending. The party at whose request a deposition is transcribed and filed shall pay the charges for transcription and filing. ***
*  *  *
(d) Taxing as Costs. The aforesaid fees and charges may in the discretion of the trial court be taxed as costs." (134 Ill. 2d R. 208.)

Defendant argues that Rule 208 does not provide for deposition costs to be taxed to either party where a settlement agreement has been reached, and the trial court erred in doing so in this case. Both parties direct us to *Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 441 N.E.2d 318, in which our supreme court addressed Rule 208. In *Galowich*, the plaintiffs moved for a continuance to conduct additional discovery, but the motion was denied. The plaintiffs then moved for voluntary dismissal pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52) indicating an intention to refile pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a) (now part of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—217)). The defendants requested that the trial court tax the plaintiffs with the defendants' deposition expenses. The trial court denied the defendants' motion, but the appellate court reversed, holding that Supreme Court Rule 208(d) authorizes the trial court, in its discretion, to tax as costs those expenses incurred in taking depositions when a plaintiff moves for voluntary dismissal pursuant to section 52. (*Galowich v. Beech Aircraft Corp.* (1981), 93 Ill. App. 3d 690, 417 N.E.2d 673.) The supreme court held that Rule 208(d) authorizes "the trial court to tax as costs, in its discretion, the expenses only of those depositions *necessarily used at trial.*" (Emphasis added.) (*Galowich*, 92 Ill. 2d at 166, 441 N.E.2d at 322; see also *In re Petition of the Village of Kildeer* (1989), 191 Ill. App. 3d 713, 548 N.E.2d 654.) The court stated that the test for when the expense of a deposition is taxable as costs is the deposition's necessary use at trial. *Galowich*, 92 Ill. 2d at 167, 441 N.E.2d at 322.

The supreme court in *Galowich* held that Rule 208(d) cannot be authority for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial. (92 Ill. 2d at 167, 441 N.E.2d at 322.) The court reasoned that "[c]osts are allowances in the nature of incidental damages awarded by law to reimburse the *prevailing party*" (emphasis added) (92 Ill. 2d at 165, 441 N.E.2d at 321), and that to assess as costs the defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial would present serious practical problems which

would require the trial court to try the case hypothetically in an attempt to determine which depositions would necessarily be used (92 Ill. 2d at 167, 441 N.E.2d at 322). Although the instant case concerns a settlement prior to trial rather than a voluntary dismissal, we find the supreme court's reasoning in *Galowich* applicable. The Criares' deposition was not "necessarily used at trial." The plaintiff voluntarily settled this case. Plaintiffs as well as defendants must bear the expense of depositions which they cause to be taken. (92 Ill. 2d at 168, 441 N.E.2d at 323.) We conclude that the trial court erred in ordering that the Criares' deposition be taxed as a cost to the defendant.

■■ Finally, plaintiffs request that defendant be taxed for costs of this appeal but cite no authority to support such a request. This request is denied.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed.

Reversed.

RARICK, J., concurs.

PRESIDING JUSTICE GOLDENHERSH, concurring in part and dissenting in part:

I concur with the majority denying plaintiff's request to tax deposition costs and the costs of this appeal. On the recovery of costs issue, I respectfully dissent.

In drafting section 5—108 of the Code, the General Assembly did not specify that recovery refers only to judgments by the trial court. And in common usage, the words "recover" and "recovery" are used to describe any benefits gained by a litigant, whether by judgment or settlement. Webster's Third New International Dictionary 1898 (1986) defines "recover" as follows: "[T]o gain by legal process." I interpret such a definition to encompass all proceeds received by a plaintiff as a result of pursuing a cause of action, including proceeds plaintiff may gain from a settlement agreement. I find further support for this position in section 14 of "An Act to revise the law in relation to attorneys and counselors" (the Act), which states in pertinent part:

> "Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted *** for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims,

demands or causes of action. *** Such lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action ***." (Ill. Rev. Stat. 1985, ch. 13, par. 14.)

Our supreme court has held that money paid to a plaintiff in a personal injury action under a contract of settlement was "recovered" within the meaning of the Act. (*Standidge v. Chicago Rys. Co.* (1912), 254 Ill. 524, 98 N.E. 963.) In reaching that conclusion, the court determined that "[t]he language of the act under consideration clearly indicates that the word 'recover' is here used in the sense of receive." (254 Ill. at 534, 98 N.E. at 966.) The language in section 5—108 of the Code of Civil Procedure similarly indicates that "recover" is used in the sense of receive. The word "judgment" is conspicuously absent from the language of section 5—108. If we exchange the word "recovers" for the phrase "receives compensation" or "retrieves damages," the meaning of section 5—108 remains the same. In the present case, plaintiffs filed an action in this State for personal damages and received in excess of $45,000 from defendant by way of a settlement agreement. I would hold that plaintiffs thereby met the statutory requirements to recover costs of suit under section 5—108.