## DAVENPORT FISHER

*v.*

## DENNIS HAGGERTY.

1. AGENT — *when individually liable.* Haggerty was working for Fisher & Sons at a stipulated price per day, and declining to work after the usual hours of labor without extra compensation therefor, Davenport Fisher, who was acting as clerk and general agent for Fisher & Sons, agreed to pay Haggerty extra if he

would continue to work after the usual hours, whereupon Haggerty did so; and being refused payment, he instituted suit against Davenport Fisher to recover for the extra labor. *Held*, that it was an express undertaking of Davenport Fisher, and the suit was, therefore, properly brought against him.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. S. L. RICHMOND, Judge, presiding.

Dennis Haggerty instituted suit against Davenport Fisher, before a justice of the peace, in Marshall county, upon the following account:

" DAVENPORT FISHER,
1863.                                    To DENNIS HAGGERTY, Dr.
June 6.   To hauling 11 loads of pork after working hours, 25
                cents load,    -    -    -    -    -    -    $2.75."

A trial before the justice resulted in a verdict and judgment for the plaintiff. The defendant took an appeal to the Circuit Court, where, upon a trial, the judgment was again in favor of the plaintiff, for the sum of $1.65.

Thereupon the defendant sued out this writ of error. It appears, from the testimony, that Haggerty was at work for Fisher & Sons, hauling beef and pork from their packing house, at three dollars per day. Haggerty quit work at six o'clock in the evening, and upon being requested to continue hauling, by Davenport Fisher, who was acting as clerk and general agent for Fisher & Sons, Haggerty refused to do so unless he was paid extra for work after hours. To this Davenport Fisher would not agree, and Haggerty went away. Soon after, Davenport sent word to Haggerty to come back, and he would pay him extra. Haggerty returned, and hauled eleven loads after the usual hours of labor; and being refused payment therefor, he brought this suit.

Davenport Fisher, the defendant below, insists that he was acting merely as an agent for Fisher & Sons in the hiring, and Haggerty well knew that fact, and therefore the suit was improperly brought against him.

Mr. JAMES ST. CLAIR BOAL, for the Plaintiff in Error.

Mr. JOHN BURNS, for the Defendant in Error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is a very trifling case indeed, and should not have been brought to this court, as there is no important principle involved in it.

The evidence was clear, that plaintiff in error undertook and promised to pay defendant in error for his extra work, done after the usual hours of labor. It was an express undertaking of his own, and the suit was, therefore, properly brought against him.

Two juries have fully investigated the facts, and have found the same verdict, and we have no disposition — only one dollar and sixty-five cents being involved, and which is nearly all the defendant in error ever claimed of the plaintiff — to go very much into a detailed and scrutinizing examination of the testimony. The maxim, *de minimis non curat lex,* might well be applied here.

The judgment is affirmed.                *Judgment affirmed.*