111 571
a210s 453

## The Village of Morgan Park v. Philip Knopf, et al.

### Gen. No. 11,051.

1. VALIDITY OF STATUTE—*Appellate Court has no jurisdiction to determine.* The Appellate Courts of this state have no jurisdiction to determine whether an act of the legislature is a valid enactment.

2. TAX DEEDS—*right of county clerk to charge for acknowledgment of.* It is improper for the county clerk to charge for the acknowledgment of a tax deed.

3. MAXIM—*operation of that of "De minimis non curat lex."* Where a suit is brought to recover a sum less than the necessary court costs of prosecution and such a case is considered upon review, a discretion will be exercised not to reverse a judgment for the defendant, notwithstanding such reversal would be ordered were a larger amount involved; nor will the costs in such a case, ordinarily, be taxed on appeal in favor of the appellant because of the error in failing to allow him such sum.

4. TAX CERTIFICATE—*duty of county clerk to record.* It is the duty of the county clerk to record the tax certificate received by the purchaser of land at a tax sale at the time when he issues the deed thereon, and such clerk is entitled to a fee for such recording at the same rate allowed by statute for the recording of deeds.

Action of assumpsit. Error to the Circuit Court of Cook County; the Hon. EDMUND BURKE, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 14, 1904.

ENOCH J. PRICE, for plaintiff in error.

EDWIN W. SIMS, County Attorney, and WILLIAM F. STRUCKMANN, Assistant County Attorney, for defendants in error.

**Statement by the Court.**    Plaintiff in error, in default of other bidders, purchased certain of its special assessments at the tax sales of 1896 and 1897, and received a tax certificate for each separate lot or parcel of land as evidence thereof. Redemptions not being made, plaintiff in the latter part of November, 1899, requested defendant in error Knopf, then county clerk, to issue tax deeds based upon the sales of 1896. A separate affidavit was made as to each special assessment warrant and presented to defendant Knopf. These affidavits were substantially alike except as to the description of the property and the amount of sales. Accompanying them, but not attached thereto, were the tax certificates. The only reference to the latter contained in the affidavits is:

"And affiant, as such agent of said village, herewith produces said certificates of sale to the county clerk of said county to be filed, and hereby requests that a deed of conveyance of said lots be issued as provided by law to said village of Morgan Park."

A difference of opinion arose between the parties hereto concerning the proper charges for the issuing of such deeds; the plaintiff contending that a fee of ten cents per hundred words for recording the affidavits and the statutory fee for making the deeds was the correct rule; while the defendant Knopf insisted upon the further payment of the same fee of ten cents per hundred words for recording each certificate. The parties to this dispute being unable to agree, plaintiff, in order to save its rights, paid the fees as claimed by the defendants, under protest.

The same disagreement arose in September, 1900, when plaintiff made its application for tax deeds on the sale of 1897; and it was disposed of in the same way.

It is agreed that in these two transactions, if the conten-

tion of plaintiff is right, the fees due defendants amount to $79.50; while if the interpretation of defendants is correct they aggregate the sum of $1,428.25. The difference between these two sums is here in dispute. The case was submitted to the court without a jury. Upon trial, in which the foregoing facts were put in evidence, the court found the issues for defendants and entered judgment against plaintiff for costs. From that judgment this appeal was perfected.

MR. JUSTICE BALL delivered the opinion of the court.

The plaintiff submitted three propositions of law for the trial judge to pass upon. All were marked "Refused;" the court adding to each of the latter two, "expressing no opinion as to the law announced in this instruction, but because the charge was paid voluntarily." These propositions, in effect, are as follows:

First. That it is not the duty of the county clerk to copy on the records of his office, tax sale certificates upon which he issues tax deeds where the same are not referred to as exhibits or made a part of the affidavits filed for the purpose of securing tax deeds.

Second. That it is not the duty of the county clerk to acknowledge tax deeds, and he has no right to charge any fee for doing so.

Third. That the act under which the charge of ten cents per certificate for noting the sale on the tax warrant was made is void and invalid because it purports to be an amendment of original section 4 of the act of 1874, when, as a matter of fact, said section had been repealed except as re-enacted in an act approved June 18, 1883, in force July 1, 1883.

These propositions cover the three particulars in which it is claimed that these fees were illegally collected and should therefore be refunded.

We will consider them in inverse order.

First. We have no jurisdiction to decide whether or not "the act under which the charge of ten cents per certificate for noting the sale on the tax warrant is void." Ch. 37,

Sec. 25, Hurd. In the creation of this court that power was not given it.

Second. The charge by defendants of $3.25 for notary fees for the acknowledgment of the tax deeds, seems to be improper; (Revenue Act, Sec. 221, Hurd;) but under the maxim *De minimis non curat lex*, (Broom's Leg. Max. 142; Fisher v. Hogerty, 36 Ill. 128), it is not ground for reversal. Courts discourage the bringing or the prosecuting of assumpsit suits where the costs will necessarily exceed the amount that can be recovered.

Third. Section 219 of the Revenue Act makes the tax certificate "evidence." The title follows the ownership of the certificate. The records of the county clerk do not show who holds that paper between the time it is issued and the time it is ripe for a deed. As the certificate is an essential prerequisite of his demand, it must be produced by one who asks for a tax deed. These things plaintiff evidently knew and appreciated, for it presented each and all of these certificates to the clerk " to be filed " when it applied for its tax deeds.

Section 222 of the same act directs that the " county clerk shall record the evidence upon which deeds are issued, and be entitled to the same fees therefor that may be allowed by the law for recording deeds."

Section 217 is not in conflict with section 222.

In our opinion the tax certificate is " evidence " which should be recorded by the county clerk when he issues the tax deed.

The judgment of the Circuit Court is affirmed; defendants to recover their costs less $3.25, the sum of the notary fees.

*Affirmed.*