(No. 24256

THE WHITE WAY ELECTRIC SIGN AND MAINTENANCE COMPANY, Appellant, *vs.* THE CHICAGO TITLE AND TRUST COMPANY *et al.* Appellees.

*Opinion filed April 15, 1938.*

FARTHING, C. J., and SHAW, J., specially concurring.

PAYTON J. TUOHY, (A. D. McMAHON, and L. G. PEFFERLE, of counsel,) for appellant.

KRINSKY, LEVITAN & GLASSNER, (MOSES LEVITAN, of counsel,) for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

The White Way Electric Sign and Maintenance Company secured a judgment in replevin in the municipal court of Chicago against the Princess-Clark Theater Corporation, the Chicago Title and Trust Company and Jack M. Franks for possession of certain electrical equipment, transparent letters and other property, constituting a part of a canopy and electric sign connected with and attached to the Princess Theater building on South Clark street in the city of Chicago. This judgment was reversed by the Appellate Court for the First District (289 Ill. App. 1) and we granted leave to appeal.

On May 11, 1934, the theater corporation was in possession of the building under a lease with the Chicago Title and Trust Company and others, trustees under the will of Jacob Franks, deceased, who owned the freehold. The lease required the theater corporation to erect a steel canopy on the front of the building and also to install such necessary sound equipment, projection booth, attraction board and other necessary equipment as might be necessary for the operation of the premises as a motion picture theater. The lease further required that a list of all necessary equipment, together with plans and specifications, should be submitted to the lessors, and that the theater corporation should deposit with the owners of the fee a sum of money equal to the total cost of the improvements. Upon completion of the improvements, the lessors agreed to pay the various contractors out of the money so deposited. It was stipulated in the lease that, upon completion, the improvements were to become a part of the freehold estate. The theater corporation found itself unable to make the necessary deposits required by the lease and in lieu thereof procured waivers of lien from various contractors, including plaintiff. In November, 1934, the theater corporation defaulted in its rent and in May, 1935, this replevin suit was started on the conditional sales contract between the plaintiff and the theater corporation.

The contract by which plaintiff retained title provided that approximately twelve inches of steel should be cut from the soffit of the building and required that after the signs were hung they should be flashed to the existing roof. There was a further provision that if it should be discovered that the existing iron work on the canopy should be insufficient to carry the load, it should be reinforced at a slight extra charge. The final paragraph of the contract provided that the "display and all equipment used in connection therewith are to remain our property until the final payment is made at which time same becomes your property."

Under these facts, two conflicting interests arise—the interest in the property retained by the conditional vendor, as against the common-law interest of a landlord in property permanently attached to the realty and expressly asserted in the lease. We are called upon to determine which of these two interests shall prevail. Prior to the enactment of the Uniform Sales act in this State, we held that conditional sales contracts were invalid as against third parties taking title to property without notice. (*Gilbert* v. *National Cash Register Co.* 176 Ill. 288.) In 1915, however, the legislature enacted the Uniform Sales act, section 23 of which (Ill. Rev. Stat. 1937, chap. 121½, par. 23) provides: "(1) Subject to the provisions of this act, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." In *Sherer-Gillett Co.* v. *Long,* 318 Ill. 432, we construed this section and held that by virtue of its provisions the law of this State had been changed and that henceforth conditional sales contracts of personal property with a reservation of title in the vendor were valid in the absence of estoppel. On the other hand, it has always been the law of this State that where personal property is permanently

attached to real estate with the intention that it shall become part of the freehold, title thereto passes to the owner of the freehold. (*Dooley* v. *Crist,* 25 Ill. 453.) Various rules have been developed by the courts to determine the intention of the parties. In *Fifield* v. *Farmers' Nat. Bank,* 148 Ill. 163, this court held that where personal property is annexed to the realty and is adapted to and necessary for its use, the parties will be presumed to have intended that such property should become a part of the realty. In the present case, it is clear that the canopy and sign became an integral part of the theater building and were essential to the operation of the theater. Were it not for the conditional sales contract between the vendor and vendee of the property, there could be no question that title to it passed to the owner of the freehold.

In *National Bank of the Republic* v. *Wells-Jackson Corp.* 358 Ill. 356, the lessee had installed an automatic sprinkler system on his premises as required by his lease. The vendor of the sprinkler system reserved title to it until its purchase price was completely paid by the vendee and in addition expressly provided in the contract that the system should remain personalty and not become a fixture. We there held that the sprinkler system "was not an integral part of the building required for the successful operation of the building but was merely a device required by a city ordinance as a safety measure for the protection of the lives and property of the public;" that it could "be removed without material injury to the building or the system," and that title to it remained in the vendor as against the owner of the freehold. The *Wells-Jackson case* may be distinguished from the case at bar because the personal property involved there was held not to have been so annexed to the realty as to become a part thereof. The parties there expressly agreed in advance that the sprinkler system was to remain personal property, removable by the vendor upon default. Just the opposite is true in the present case, for the parties

here agreed that the canopy and electric sign were to be permanently attached to the realty.

Prior to the enactment of the Uniform Sales act, the law of this State condemned secret liens. That act changed the law on this subject in respect only to personalty. There is no good reason to extend its principles to the law of fixtures which are, by definition, real property, because they are incorporated in or attached to the realty. It has long been the public policy of this State to insure the stability of titles to real estate by protecting them from unrecorded claims by third persons. To sustain the claim of the vendor in this case would establish a rule which could be successfully asserted against subsequent mortgagees and *bona fide* purchasers for value. No unreasonable burden is imposed upon conditional vendors by this decision. They may still protect their interests by demanding that vendees procure a waiver of interest from the owner of the freehold which can be recorded. Any hardship that this may cause is more than compensated by the benefits accruing to third parties who otherwise would have no opportunity to discover the true state of affairs.

The Appellate Court for the First District reached the correct result in this case but rested its decision on the ground that the conditional vendor was estopped to assert his title because he had waived his mechanic's lien. In this it was in error. The waiver of a mechanic's lien is consistent with an intention to retain title. In fact, the assertion of a lien is inconsistent with the assertion of title. *Van Winkle v. Crowell,* 146 U. S. 42.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*

FARTHING, C. J., and SHAW, J., specially concurring: We agree with the result reached in this opinion but not with all that is said therein.