NOTICE

Decision filed 11/21/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0239

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| RONALD HOLTZ, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Clinton County. |
| | ) |
| v. | ) No. 04-MR-114 |
| | ) |
| STEPHANIE WAGGONER, Records | ) |
| Office Supervisor, Centralia Correctional | ) |
| Center, and ROBYN HEADLEY, Medical | ) |
| Records Supervisor, Centralia Correctional | ) |
| Center, | ) Honorable |
| | ) William J. Becker, |
| Defendants-Appellants. | ) Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Ronald Holtz, filed a complaint for *mandamus* in the circuit court of Clinton County. The court dismissed the complaint on the motion of defendants, Stephanie Waggoner, records office supervisor at Centralia Correctional Center, and Robyn Headley, medical records supervisor at Centralia Correctional Center. The court later entered an order awarding plaintiff costs for filing the complaint. On appeal, defendants argue that the award of costs was not authorized by statute. We reverse.

FACTS

Plaintiff is incarcerated at the Centralia Correctional Center. Plaintiff requested his medical records from defendants, and the photocopies he received in response had portions of two pages deleted. Plaintiff then filed a complaint for *mandamus* against defendants for a failure to provide the complete records. Plaintiff alleged that the failure to provide complete records would hinder his pursuit of an unrelated legal matter. Plaintiff asked the

1

court to order defendants to provide a complete copy of the records and reimburse him for expenses incurred due to the litigation.

Plaintiff stated that he had requested the medical records from defendants pursuant to the Illinois Administrative Code (20 Ill. Adm. Code §107.310 (eff. May 5, 1996)). Plaintiff claimed that his administrative grievance "was denied on the institutional level" and then by the administrative review board.

Defendants filed a motion to dismiss the complaint for the failure to state a claim (735 ILCS 5/2-615 (West 2004)). Defendants argued that the complaint for *mandamus* failed to allege that defendants were responsible for the redactions or otherwise set forth a duty on the part of defendants to provide the records. The court granted the motion but allowed plaintiff to file an amended complaint. After plaintiff filed an amended complaint, defendants filed a motion to dismiss stating that the redacted portions of the records had been recently provided to defendant. See 735 ILCS 5/2-619(a)(9) (West 2004). The court granted the motion and dismissed the complaint for *mandamus* relief as moot.

Plaintiff then filed a motion for a judgment on the pleadings and for costs. Plaintiff admitted that complete copies of the records had been provided, but he contended there was "nothing to prevent defendants from repeating their behavior in the future." Plaintiff asked for an award of $120 to reimburse him for the filing fee. In a docket order the court found:

> "Before the court is [plaintiff's] motion for judgment on the pleadings [and] costs 5-3-05, [defendants'] response filed 5-11-05[,] and [plaintiff's] motion for hearing. [Plaintiff] sought mandamus relief because [defendants] failed to supply complete unredacted copies of his medical records. As a result of litigation[,] [plaintiff] obtained complete unredacted copies of the medical records. The award of costs to [plaintiff] is proper. [Plaintiff,] as a matter of fact[,] prevailed. The court's dismissal of [plaintiff's] complaint of prejudice was done to terminate the litigation[,]

2

not to reclose [plaintiff's] right to seek costs. [Defendants'] motion to dismiss with prejudice was tantamount to admission of liability [and] confession of judgment. Costs are appropriate. [Defendants] ordered to pay plaintiff's costs of $120."

Defendants appeal.

## ANALYSIS

Under the common law in Illinois, a successful party is not entitled to recover the costs of litigation from his opponent. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162, 441 N.E.2d 318, 320 (1982). The legislature, however, may enact statutes giving the courts authority to award costs. *Gebelein v. Blumfield*, 231 Ill. App. 3d 1011, 1012, 597 N.E.2d 265, 267 (1992). Any allocation of the costs of litigation is limited to those specifically allowed by statute. *Woolverton v. McCracken*, 321 Ill. App. 3d 440, 442, 748 N.E.2d 327, 329 (2001).

In applying statutes, courts are obligated to effectuate the intent of the legislature as revealed by the language used. *Wilson v. F.B. McAfoos & Co.*, 344 Ill. App. 3d 452, 457, 800 N.E.2d 177, 181 (2003). In situations where the language is clear and unambiguous, the plain language must be given effect without exception. *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 144, 849 N.E.2d 349, 359 (2006). Resort to other tools of statutory construction is improper if the plain language of the statute is clear and unambiguous. *People v. Jett*, 328 Ill. App. 3d 468, 470, 766 N.E.2d 315, 316 (2002). This court should only consider policy considerations if we cannot discern the intent of the legislature from the language of the statute. *Midkiff v. Gingrich*, 355 Ill. App. 3d 857, 861, 824 N.E.2d 1144, 1148 (2005).

The trial court entered the award according to a section of the Code of Civil Procedure (Code) addressing *mandamus*. 735 ILCS 5/14-105 (West 2004). Section 14-105 provides:

"Judgment–Costs. If judgment is entered in favor of the plaintiff, the plaintiff shall recover damages and costs. If judgment is entered in favor of the defendant, the defendant shall recover costs." 735 ILCS 5/14-105 (West 2004).

The award of costs in this case is not authorized under the plain language of the statute. In *mandamus* proceedings, costs and damages will not be awarded unless the plaintiff obtains a judgment of *mandamus*. *In re Marriage of Rossi*, 113 Ill. App. 3d 55, 64, 446 N.E.2d 1198, 1204 (1983); see *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 741, 759 N.E.2d 585, 590 (2001). A judgment was not entered in favor of plaintiff. Indeed, the complaint for *mandamus* was dismissed.

The trial court ruled that plaintiff should be allowed to recover costs, reasoning that plaintiff, in effect, "prevailed" because he received complete medical records as a result of initiating litigation. This, however, is not the requirement in the Code. Under the plain language of the Code, costs may be awarded only "[i]f judgment is entered in favor of the plaintiff." 735 ILCS 5/14-105 (West 2004).

This limitation of judicial authority is consistent with our interpretation of statutory authority to award costs in suits for personal damages. In *Gebelein*, a trial court awarded costs to a medical malpractice plaintiff after a settlement had been reached. *Gebelein v. Blumfield*, 231 Ill. App. 3d 1011, 1012, 597 N.E.2d 265, 267 (1992). The award was based on a section of the Code that provides that costs may be awarded to a plaintiff who sues for personal damages and "recovers in such action." Ill. Rev. Stat. 1989, ch. 110, par. 5-108 (now 735 ILCS 5/5-108 (West 2004)). This court reversed the award. We found that the plain and ordinary meaning of *recovery* required a judgment in one's favor. *Gebelein*, 231 Ill. App. 3d at 1014, 597 N.E.2d at 268.

In *Gebelein*, from the legislature's use of the term *recovers*, we implied the prerequisite of a judgment. In actions for *mandamus*, the legislature was explicit. The

4

statutory authority for an award of costs is expressly limited to situations where "judgment is entered in favor" of a party (735 ILCS 5/14-105 (West 2004)).

The plain language of the statute restricts the authority of the trial court and governs our decision. We need not address the issues of sovereign immunity raised by defendants. The order awarding costs exceeded the authority granted by statute, and we are obligated to reverse the decision of the trial court.

CONCLUSION

Accordingly, the order of the circuit court is reversed.

Reversed.

WELCH, P.J., and CHAPMAN, J., concur.

NO. 5-06-0239

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

RONALD HOLTZ,

   Plaintiff-Appellee,

v.

STEPHANIE WAGGONER, Records
Office Supervisor, Centralia Correctional
Center, and ROBYN HEADLEY, Medical
Records Supervisor, Centralia Correctional
Center,

   Defendants-Appellants.

) Appeal from the
) Circuit Court of
) Clinton County.
)
) No. 04-MR-114
)
)
)
)
)
)
) Honorable
) William J. Becker,
) Judge, presiding.

---

**Opinion Filed**:   November 21, 2007

---

**Justices**:  Honorable Richard P. Goldenhersh, J.

     Honorable Thomas M. Welch, P.J., and
     Honorable Melissa A. Chapman, J.,
     Concur

---

**Attorneys
for
Appellants**  Lisa Madigan, Attorney General, State of Illinois, Gary Feinerman, Solicitor General,
Paul Racette, Assistant Attorney General, 100 West Randolph, 12th Floor,
Chicago, IL 60601

---

**Attorney
for
Appellee**  Ronald Holtz, Centralia Correctional Center, P.O. Box 7711, Centralia, IL 62801
(*pro se*)