2017 IL App (3d) 160396

Opinion filed November 1, 2017

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2017

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY | ) | Appeal from the Circuit Court |
| TREASURER AND *ex officio* COUNTY | ) | of the 9th Judicial Circuit, |
| COLLECTOR OF WARREN COUNTY, | ) | Warren County, Illinois. |
| ILLINOIS, for Judgment and Order for Sale | ) | |
| Against Lands and Lots on Which General | ) | |
| Taxes for Each of Two or More Years Remain | ) | |
| Due and Unpaid | ) | |
| | ) | Appeal No. 3-16-0396 |
| (Charles Wrenn, d/b/a C & S Investments, | ) | Circuit No. 15-TX-8 |
|     Petitioner-Appellant, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| Kathy Tate, in Her Official Capacity as Warren | ) | The Honorable |
| County Treasurer, | ) | James R. Standard, |
|     Respondent-Appellee). | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Presiding Justice Holdridge specially concurred, with opinion.

**OPINION**

¶ 1        Petitioner, Charles Wrenn, d/b/a C & S Investments, purchased the property taxes for property located in the Village of Kirkwood in Warren County. After the redemption period expired, Wrenn filed a petition for a tax deed for the property, which the trial court granted. More than four months after Wrenn obtained and recorded his deed to the property, he filed a

motion for sale in error. Kathy Tate, in her official capacity as Warren County Treasurer, filed a motion to dismiss, which the trial court granted. Wrenn appeals the dismissal of his motion for sale in error. We affirm.

¶ 2                                                  FACTS

¶ 3        In October 2012, petitioner, Charles Wrenn, d/b/a C & S Investments, purchased the 2011 property taxes for PIN 13-302-004-00, the legal description of which is "Lots 5 & 6 in Block 2 of the original town plat of the Village of Kirkwood, Warren County, Illinois" (subject property). As a result of the purchase, Wrenn received Tax Sale Certificate of Purchase Number 00181. Wrenn extended the redemption period to October 22, 2015.

¶ 4        Another entity, H & G Construction, purchased the 2012 and 2013 property taxes for the subject property. In April 2015, Wrenn filed a petition for tax deed for the subject property. On October 26, 2015, the circuit court entered an order directing the Warren County clerk to issue Wrenn a tax deed for the property. On October 27, 2015, Wrenn redeemed the taxes purchased by H & G Construction in the amount of $1163.43. On October 29, 2015, the Warren County clerk issued a tax deed to Wrenn for the property, which Wrenn recorded the same day.

¶ 5        On March 14, 2016, Wrenn filed a motion for sale in error. The motion asserted that "there has been substantial destruction to the property and the property is uninhabitable and continues to deteriorate" and requested that the court declare the sale to be a "sale in error."

¶ 6        Respondent filed a motion to dismiss Wrenn's motion for sale in error, arguing that Wrenn could not obtain a sale in error because he had already obtained and recorded the tax deed for the property. The trial court granted respondent's motion to dismiss.

2

¶ 7                                               ANALYSIS

¶ 8          A sale in error is a statutory action arising under section 21-310 of the Property Tax Code

(Tax Code) (35 ILCS 200/21-310 (West 2014)). *Bueker v. Madison County*, 2016 IL App (5th)

150282, ¶ 50. "The claimant seeking a sale in error is generally asking the circuit court to undo

the sale of a specific parcel's taxes for an enumerated reason." *Id.* Section 21-310 of the Tax

Code "delineates who may apply for a sale in error, where and on what grounds the application

must be made, when these grounds must occur, and the county collector's responsibilities in the

event a sale in error is declared by the court." *In re Petition for Declaration of Sale in Error*, 256

Ill. App. 3d 159, 162 (1994). The Tax Code's enumerated grounds for sales in error are

exclusive. *Id.* at 166.

¶ 9          Section 21-310 of the Tax Code states in pertinent part:

             "(a) When, upon application of the county collector, the owner of the

certificate of purchase, or a municipality which owns or has owned the property

ordered sold, it appears to the satisfaction of the court which ordered the property

sold that any of the following subsections are applicable, the court shall declare

the sale to be in error:

                    (1) the property was not subject to taxation ***,

                    (2) the taxes or special assessments had been paid prior to the sale of

                        the property, [or]

                    (3) there is a double assessment[.]

                                          * * *

             (b) When, upon application of the owner of the certificate of purchase

only, it appears to the satisfaction of the court which ordered the property sold

                                              3

that any of the following subsections are applicable, the court shall declare the sale to be a sale in error:

(1) A voluntary or involuntary petition under the provisions of 11 U.S.C. Chapter 7, 11, 12, or 13 has been filed subsequent to the tax sale and prior to the issuance of the tax deed.

(2) The improvements upon the property have been substantially destroyed or rendered uninhabitable or otherwise unfit for occupancy subsequent to the tax sale and prior to the issuance of the tax deed." 35 ILCS 200/21-310 (West 2014).

Under the plain language of the statute, only the county collector and owner of a certificate of purchase may seek a sale in error. *Bueker*, 2016 IL App (5th) 150282, ¶ 52.

¶ 10 The purpose of the sale in error statute "is to afford relief to taxbuyer[s] from the effect of *caveat emptor* purchases at void tax sales." *La Salle National Bank as Trustee v. Hoffman*, 1 Ill. App. 3d 470, 476 (1971). Without the right of refund provided by section 21-310, "the taxbuyer, caught by the failure of the County officers to delete from the delinquent list properties exempt or on which the tax was already paid or doubly assessed or badly described, would suffer the loss of his entire investment." *Id.*

¶ 11 Section 22-40 of the Tax Code states that after the redemption period expires and "the petitioner has complied with all the provisions of law entitling him or her to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed." 35 ILCS 200/22-40 (West 2014). The certificate of purchase must be

4

provided to the county clerk in exchange for a tax deed for the property. See *Village of Morgan Park v. Knopf*, 111 Ill. App. 571, 574 (1904).

¶ 12    Tax deeds issued under Section 22-40 are incontestable except by direct appeal from the order directing the entry of the tax deed or by a petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). 35 ILCS 200/22-45 (West 2014). As set forth in section 22-45 of the Tax Code, the grounds for relief under section 2-1401 of the Code are limited to proof that (1) the taxes were paid prior to the sale, (2) the property was exempt from taxation, (3) the tax deed was procured by fraud or deception, or (4) a person or party holding a recorded ownership or other interest in the property was not provided proper notice. *Id.*

¶ 13    The purpose of section 22-45 of the Tax Code is "to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired." *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 429 (2010). The statute is intended "to give effect to the strong policy favoring validity of tax deeds once issued and to assure merchantability of tax titles." *In re Application of County Treasurer*, 84 Ill. App. 3d 506, 509 (1980). Section 22-45, along with other provisions of the Tax Code, were created "to provide greater stability for tax deeds." *In re Application of the County Treasurer*, 92 Ill. 2d 400, 406 (1982).

¶ 14    In analyzing statutes, courts are obligated to effectuate the intent of the legislature as revealed by the language used. *Holtz v. Waggoner*, 377 Ill. App. 3d 598, 600 (2007). Where the language is clear and unambiguous, the plain language must be given effect. *Id.*

¶ 15    Here, Wrenn became the owner of the certificate of purchase for the subject property in October 2012. In October 2015, he exchanged his certificate of purchase for a deed to the

5

property. Nearly five months later, Wrenn filed his "motion for sale in error." Under the plain language of section 21-310 of the Tax Code, Wrenn had no authority to file his motion for sale in error because he was no longer the holder of the certificate of purchase. See *Bueker*, 2016 IL App (5th) 150282, ¶ 52 (only the county collector or owner of a certificate of purchase may apply for a sale in error); 35 ILCS 200/21-310(a) (West 2014). Rather, he was the owner of the tax deed, which is "incontestable" except in very limited circumstances. See 35 ILCS 200/22-45 (West 2014). None of those circumstances applies here.

¶ 16      Instead of seeking to vacate his tax deed, which he could not do under section 22-45 of the Tax Code, Wren sought to "undo" the issuance of the tax deed by filing a motion for sale in error. Allowing Wrenn to seek a sale in error after he obtained and recorded the tax deed for the subject property would not only be at odds with the plain language of section 21-300 but also the intent of section 22-45, which is to favor the validity and finality of tax deeds once issued. See *Application of County Treasurer*, 84 Ill. App. 3d at 509. To accomplish the legislature's goal of providing "greater stability of tax deeds" (*Application of the County Treasurer*, 92 Ill. 2d at 406), we must reject Wrenn's attempt to have his tax deed set aside through a motion for sale in error. Granting Wrenn's motion would "undermine the finality and, hence, the marketability of the tax deed." (Internal quotation marks omitted.) *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 24.

¶ 17      The trial court's dismissal of Wrenn's motion "honor[s] the finality and marketability of tax deeds." *Id.* ¶ 32. It also furthers our well-established public policy of "insur[ing] the stability of titles to real estate." *White Way Electric Sign & Maintenance Co. v. Chicago Title & Trust Co.*, 368 Ill. 482, 486 (1938); see also *Baker v. Loves Park Savings & Loan Ass'n*, 61 Ill. 2d 119, 126 (1975) ("stability of real estate titles is of paramount importance"); *Wylie v. Fisher*, 337 Ill.

6

488, 491 (1929) ("It is important that stability of real estate titles be promoted ***."). Thus, we affirm the court's order dismissing Wrenn's motion for sale in error.

¶ 18                                                    CONCLUSION

¶ 19          The judgment of the circuit court of Warren County is affirmed.

¶ 20          Affirmed.

¶ 21          PRESIDING JUSTICE HOLDRIDGE, specially concurring.

¶ 22          I agree with the majority's holding that the circuit court was correct in dismissing Wrenn's petition for sale in error. I also agree with the holding that once a tax deed is issued, it cannot be undone by resort to a sale in error petition. I write separately to address the issue raised by both parties, but not addressed in the majority opinion, namely, whether a tax purchaser can rely upon the general civil statute of limitations of five years provided by section 13-205 of the Code of Civil Procedure. 735 ILCS 5/13-205 (West 2012).

¶ 23          Our court previously held that section 13-205 applied to sale in error actions, but left unanswered the question of whether successful procurement of a tax deed would cut off an action for sale in error. *Burroughs v. Tazewell County Collector*, 110 Ill. App. 3d 464, 468 (1982). Similarly, in *In re Petition for Declaration of Sale in Error*, 256 Ill. App. 3d 159, 162 (1994), our court held that a certificate holder did not have to pursue a tax deed while pursuing a sale in error. The court again left unanswered the question of whether a sale in error action could be pursued after the issuance of a tax deed. In the instant matter, Wrenn cited both Burroughs and Johnson as support for the proposition that he could file a sale in error action after acquiring a tax deed, so long as he filed his action within five years of the date of sale. Our decision here clearly overrules the holdings of our two previous decisions, at least to the extent that those cases

7

support the argument that the five-year statute of limitations applies after a tax deed has been issued.