2022 IL App (1st) 200600

FIFTH DIVISION
November 18, 2022

Nos. 1-20-0600 & 1-20-0601 (cons.)

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Wheeler Financial, Inc., | ) ) | |
| Petitioner-Appellee, | ) ) | No. 19 COVT 862 |
| v. | ) ) | No. 19 COVT 865 |
| Maria Pappas, Cook County Treasurer and *ex officio* Cook County Collector, | ) ) ) | |
| | ) | Honorable Patrick T. Stanton |
| Respondent-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.
Justices Cunningham and Delort concurred in the judgment and opinion.

**OPINION**

¶ 1     Petitioner, Wheeler Financial, Inc. (Wheeler), filed petitions for sales in error under section

21-310(a)(5) of the Property Tax Code (Code) (35 ILCS 200/21-310(a)(5) (West 2016)),

contending that the Cook County Treasurer and *ex officio* Cook County Collector made errors

relating to two properties on the delinquency list sold to Wheeler. The circuit court granted the

petitions, finding that the corresponding tax sales were sales in error. Respondent, the Cook County

Treasurer and *ex officio* Cook County Collector (Collector), appeals, asserting that no error occurred. We agree with the Collector and reverse.

¶ 2                                    I. BACKGROUND

¶ 3      Initially, there was some confusion about which document contained the alleged errors at issue in this appeal. The parties ultimately agreed that the subject document was the delinquency list, also called the delinquency bid list. This document is available for sale from the Collector's website (see Cook County Treasurer Official Tax Sale Auction Site, www.cooktaxsale.com (last visited Nov. 9, 2022) [https://perma.cc/YJL3-48AE]) and contains a list of properties eligible for sale at the Collector's annual tax sale. Using the delinquency list, Wheeler purchased the delinquent taxes of two properties at the tax sale for 2017 taxes that was held in 2019. Later, Wheeler filed two petitions for sales in error under section 21-310(a)(5) of the Code (35 ILCS 200/21-310(a)(5) (West 2016)), contending that the delinquency list inaccurately stated the classifications for two properties. The delinquency list stated that the properties were class 2-03, meaning that they had residences, but in 2019, the properties were class 1-00, meaning that they were vacant lots. Attached to the petitions were printouts of the following information from the delinquency list for the two properties[1]:

| Volume | Classification | PIN | TaxType | TaxYear | TaxCode |
|--------|----------------|-----|---------|---------|---------|
| 180 | 203 | 31-26-416-008-0000 | 0 | 2017 | 32021 |

| Volume | Classification | PIN | TaxType | TaxYear | TaxCode |
|--------|----------------|-----|---------|---------|---------|
| 304 | 203 | 26-31-419-002-0000 | 0 | 2017 | 70002 |

---

[1] The tax payers' names were also included, but that information is omitted for this appeal.

Also attached to the petitions were copies of the assessor's property characteristics in 2019 for both properties, which indicated that the properties were vacant lots in 2019. Wheeler asserted that if the Collector intended to provide a two-year-old classification for the properties advertised for sale, she should say so.

¶ 4 In response, the Collector asserted in part that the alleged misdescription did not amount to an error under section 21-310(a)(5) of the Code. The listed classification was correct for what was sold—a lien that attached to the subject properties for the 2017 tax year, when the properties were classified as 2-03. It appeared that between 2018 and 2019, the improvements on the properties were demolished.

¶ 5 After a hearing, the court granted the petitions for sales in error. In an oral ruling, the court stated in part that the Collector advertised property and not a lien. Nothing in the documentation and sale made it clear that the classification was for the year of the tax sale. The court ordered the Collector to issue refunds to Wheeler with interest. The Collector appealed.

¶ 6                                                    II. ANALYSIS

¶ 7 On appeal, the Collector contends that the delinquency list has no legal role in the annual tax sale and is a discretionary product offered by the Collector to anyone who wants to purchase it. The Collector also argues that it has complete discretion on what, if any, property classification information is provided in the delinquency list.

¶ 8 As context, each year, the Collector holds a tax sale that auctions tax liens on properties with delinquent tax bills. *Wheeler Financial, Inc. v. Law Bulletin Publishing Co.*, 2018 IL App (1st) 171495, ¶ 4. In Cook County, the taxes offered at the tax sale are from two years before the year in which the sale is held. 35 ILCS 200/21-150 (West 2016). So, the taxes that were delinquent in 2017 were sold in 2019. At the tax sale, the tax buyers purchase a tax lien and pay the delinquent

taxes owed by the property owner. *Wheeler Financial, Inc.*, 2018 IL App (1st) 171495, ¶ 4. Tax buyers receive a tax sale certificate, which is a form of negotiable instrument that represents a lien on the property in favor of the tax buyer. *In re Application of the County Treasurer of Cook County*, 185 Ill. App. 3d 701, 703 (1989).

¶ 9    Section 21-310 of the Code sets out the process for a sale in error, which undoes a tax sale. 35 ILCS 200/21-310 (West 2016). A claimant seeking a sale in error " '[asks] the circuit court to undo the sale of a specific parcel's taxes for an enumerated reason.' " *In re Application of the County Treasurer & ex officio County Collector of Warren County*, 2017 IL App (3d) 160396, ¶ 8 (quoting *Bueker v. Madison County*, 2016 IL App (5th) 150282, ¶ 50). Here, Wheeler invoked the reason found in section 21-310(a)(5) of the Code, which states:

"(a) When, upon application of the county collector, the owner of the certificate of purchase, or a municipality which owns or has owned the property ordered sold, it appears to the satisfaction of the court which ordered the property sold that any of the following subsections are applicable, the court shall declare the sale to be a sale in error:

* * *

(5) the assessor, chief county assessment officer, board of review, board of appeals, or other county official has made an error (other than an error of judgment as to the value of any property)[.]" 35 ILCS 200/21-310(a)(5) (West 2016).

¶ 10    If a sale is declared to be a sale in error, the county collector refunds the amount paid to the tax buyer. *Id.* § 21-310(d).

¶ 11    There is no dispute that the properties were correctly classified in 2017 as having residences. The properties apparently became vacant lots before the tax sale held in 2019. The issue is whether the use of the properties' 2017 classifications in the delinquency list for the tax

sale held in 2019 was an error under section 21-310(a)(5) of the Code, which raises a matter of statutory interpretation that we review *de novo*. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 17 (statutory interpretation is a question of law that is subject to *de novo* review).

¶ 12    Wheeler initially contends that this appeal is moot because the Collector already issued refunds to Wheeler and cancelled the tax certificates. Wheeler also notes that the Collector did not seek or obtain a stay of the circuit court's judgment.

¶ 13    A case on appeal becomes moot when intervening events have made it impossible for the reviewing court to grant effective relief to the complaining party. *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007). Generally, Illinois courts "do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009).

¶ 14    Though the Collector cannot recoup the money that was refunded, we will address the merits of this appeal because the public interest exception to the mootness doctrine applies. This exception allows a court to reach the merits of a case that would otherwise be moot "if the question presented is of a public nature, an authoritative resolution of the question is desirable for the purpose of guiding public officers, and the question is likely to recur." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 44. The exception is narrowly construed and requires a clear showing of each criterion. *People v. Horsman*, 406 Ill. App. 3d 984, 986 (2011).

¶ 15    All three criteria are met here. The issue on appeal involves statutory construction, which "is of broad public interest and therefore of a public nature." *Id.* Also, as the Collector states, "[t]ax revenues are literally the lifeblood of government." *Rosewell v. Chicago Title & Trust Co.*, 99 Ill. 2d 407, 416 (1984). The second criterion is met because our research has not found, and the parties have not provided, any cases that consider whether information on a delinquency list can be the

basis for a sale in error. Lastly, the issue is likely to recur. The Collector notes that in one week in May 2022, there were 85 sale-in-error petitions on the sale-in-error call. Of those, 34 alleged an error by a county official, and 11 of those 34 petitions were filed by Wheeler. The public interest exception applies, and we will turn to the merits of the appeal.

¶ 16    When construing a statute, our aim is to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the plain and ordinary meaning of the statutory language. *State ex rel. Leibowitz v. Family Vision Care, LLC*, 2020 IL 124754, ¶ 34. If the language is clear and unambiguous, it is given effect as written without using other aids of statutory interpretation. *Tillman*, 2021 IL 126387, ¶ 17. We also consider the language in the context of the entire statute, the reason for the law, the problem sought to be remedied, the goals to be achieved, and the consequences of construing the statute one way or another. *Carmichael v. Laborers' & Retirement Board Employees' Annuity & Benefit Fund*, 2018 IL 122793, ¶ 35.

¶ 17    The Code does not explicitly mention a delinquency list or detail the requirements for such a list. Section 21-118 of the Code appears to refer to a different list, stating that at least 10 days before a tax sale, the county collector may post on her website a list of all properties that are eligible to be sold at the sale. 35 ILCS 200/21-118 (West 2016). That list must include the street address on file and the property identification number assigned to the property. *Id.* A Cook County ordinance makes note of a delinquency list, providing that the county treasurer "shall charge a fee *** for furnishing a computer printout, ***, and a fee *** for the use of a magnetic tape ***, each containing a listing of all properties delinquent in the payment of general property taxes and/or special assessments, for both the annual general tax sale and the scavenger tax sale." Cook County Ordinance No. 82-O-26 (approved Sept. 20, 1982). Neither the Code nor the applicable ordinance

states that a delinquency list must include a property's classification, much less which classification should be listed.

¶ 18    Whether to include a property's classification, and which classification to include, falls within the Collector's discretion. The General Assembly gave county collectors the duty to collect taxes, and the treasurers of all counties were designated as the collectors. *Lake County Board of Review v. Property Tax Appeal Board of Illinois*, 119 Ill. 2d 419, 427 (1988). The General Assembly's directives are "sufficient to constitute a lawful delegation of authority to an administrative agency." *Id.* "The purpose of a tax sale is for the county to collect delinquent taxes at the lowest cost of redemption." *Phoenix Bond & Indemnity Co. v. Pappas*, 309 Ill. App. 3d 779, 787 (1999), *aff'd*, 194 Ill. 2d 99 (2000). When the General Assembly gave county collectors the power to conduct tax sales, it also gave collectors "the authority to do all that is reasonably necessary to execute that power." *Pappas*, 194 Ill. 2d at 105. "[T]he word 'necessary' is a word of great flexibility and may mean 'absolutely necessary,' 'indispensable,' or, less restrictively, 'expedient' or 'reasonably convenient.' " *Lake County Board of Review*, 119 Ill. 2d at 427-28. Including the properties' classifications as of 2017 on the delinquency list was an expedient and reasonably convenient means of selling delinquent taxes. As the Collector notes, a property's classification can change, and the decision to include the classification for the delinquent tax year provides consistency for potential tax buyers. Such an approach is also logical, as the classification matches the year for which the taxes were sold. To require that the Collector provide the property classification as of the year the tax sale is held would impose an extra burden on the Collector, who would have to investigate whether individual properties on a delinquency list had changed in the two years since the taxes became delinquent. Given that the Code does not even mention a delinquency list, much less what information should be included, creating such a requirement

would exceed the bounds of both the law and fairness. Further, our interpretation is consistent with the purpose of the sale in error statute, which relieves tax buyers " 'from the effect of *caveat emptor* purchases at void tax sales.' " *In re Application of the County Treasurer & ex Officio County Collector of Warren County*, 2017 IL App (3d) 160396, ¶ 10 (quoting *La Salle National Bank v. Hoffman*, 1 Ill. App. 3d 470, 476 (1971)). Without the right of refund provided by the sale in error statute, " 'the [tax buyer], caught by the failure of the County officers to delete from the delinquent list properties exempt or on which the tax was already paid or doubly assessed or badly described, would suffer the loss of his entire investment.' " *Id.* (quoting *Hoffman*, 1 Ill. App. 3d at 476). No relief was needed here. The properties were correctly described as of the year that the taxes were delinquent. The tax buyers received what they paid for—a tax lien for the 2017 tax year.

¶ 19    The 2017 classification was a proper piece of information to include on the delinquency list for the tax sale held in 2019. There was no error under section 21-310(a)(5) that could be the basis for a sale in error.

¶ 20                              III. CONCLUSION

¶ 21    For the foregoing reasons, the judgment of the circuit court is reversed.

¶ 22    Reversed.

*In re Application of the County Treasurer*, **2022 IL App (1st) 200600**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 19-COVT-862, 19-COVT-865; the Hon. Patrick T. Stanton, Judge, presiding. |
| **Attorneys for Appellant:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil, Jonathon D. Byrer, and Kathleen A. Murphy, Assistant State's Attorneys, of counsel), for the People. |
| **Attorneys for Appellee:** | Jeffrey S. Blumenthal, of Slutzky & Blumenthal, and David R. Gray, of Gray Law Offices, both of Chicago, for appellee. |